IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3174 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DR. KOHL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 43, the Motion to Dismiss filed by the defendants, Dr. Kohl, et al.; and filing no. 45, the Opposition to Motion to Dismiss filed by the plaintiff, Cornelius Moore. The plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; as well as 42 U.S.C. § 1983 and state law. The individual defendants, Dr. Kohl, Dr. Elliott, and Physicians Assistant Dan Danapher, have been sued and served in their official and individual capacities.[1]

The plaintiff states that he is a disabled American veteran who suffers pain as a result of arthritis in his knees. He also has a liver condition. As a prisoner in the custody of the Nebraska Department of Correctional Services, the plaintiff has sought "medical intervention" to cope with prison conditions which exacerbate his medical problems and pain. However, according to the plaintiff, the defendant physicians and physicians' assistant have "evidence[d] deliberate indifference" to and "arbitrary neglect[]" of the plaintiff's "serious medical needs."

The defendants assert, among other grounds for dismissal of the complaint, that the plaintiff has failed to state a claim on which relief may be granted. I agree. With regard to the ADA and Rehabilitation Act, the plaintiff complains about medical decisions and "neglect" amounting, at most, to medical malpractice. However, a claim for negligent medical treatment for a disability is not actionable under the ADA or Rehabilitation Act. See, e.g., <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996):

> [T]he [Americans with Disabilities] Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No

---

[1] The other individual defendants, corrections officers Bagley, Reed, Hausted and Leshley, have not been served with process and, therefore, are not parties to this litigation. Only the plaintiff's claims against the parties who have been served, i.e., the claims asserted in Count I of the Complaint, will be addressed in this Memorandum and Order.

1

discrimination is alleged; [the plaintiff] was not treated worse because he was disabled. His complaint is that he was not given special accommodation ....  [The plaintiff] is complaining about incompetent treatment of his paraplegia.  The ADA does not create a remedy for medical malpractice ....

Moreover, the courts have labored mightily to prevent the transformation of the Eighth Amendment's cruel and unusual punishments clause into a medical malpractice statute for prisoners. We would be exceedingly surprised to discover that Congress had made an end run around these decisions in the Americans With Disabilities Act.

The Eighth Circuit Court of Appeals has recently expressed the same view. In Burger v. Bloomberg, No. 04-3131, slip op. (8th Cir. Aug. 15, 2005), the court concluded:

[W]e agree with two other circuits that have recently concluded a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions, see, e.g., Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (Rehab Act, like ADA, was never intended to apply to decisions involving medical treatment); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under Rehab Act and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions.)

Id., slip op. at 2.

The plaintiff's claims against the two physicians and their assistant relate only to the refusal of those defendants to exercise their professional judgment in accordance with the plaintiff's view of his medical needs. Those claims may not be pursued under the ADA or the Rehabilitation Act, at least within the Eighth Circuit.

The plaintiff's claim pursuant to 42 U.S.C. § 1983 fares no better. As a convicted prisoner, the plaintiff's § 1983 claim arises under the Eighth Amendment to the United States Constitution. However, the facts, as described by the plaintiff, simply do not amount to a violation of the Eighth Amendment.

Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of the Eighth Amendment for cruel and unusual punishment. A plaintiff who alleges no more than his disagreement with the course of treatment provided to him does not demonstrate an Eighth Amendment violation. See, e.g., Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002): "At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation." Accord Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991): "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual

punishment."

It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d at 1001.

The plaintiff also alleges claims arising under Nebraska law. With the dismissal of the federal claims, the plaintiff's claims under state law against the defendants will be dismissed without prejudice pursuant to 28 U.S.C. § 1367 (a court may decline to exercise supplemental jurisdiction over claims under state law when the claim(s) over which the court has original jurisdiction have been dismissed).

THEREFORE, IT IS ORDERED:

1. That filing no. 43, the defendants' Motion to Dismiss, is granted;

2. That filing no. 45, the plaintiff's Opposition to Motion to Dismiss, is denied; and

3. That a separate judgment will be entered accordingly.

DATED this 16th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge